**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SENECA-CAYUGA TRIBE OF OKLAHOMA ) <br> and SENECA-CAYUGA TRIBAL TOBACCO ) <br> CORPORATION, a tribal corporation, ) <br> f/d/b/a SENECA-CAYUGA TOBACCO ) <br> COMPANY, an unincorporated enterprise of ) <br> the Seneca-Cayuga Tribe of Oklahoma , ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> vs. ) <br>   ) <br> DREW EDMONDSON as Attorney General ) <br> of the State of Oklahoma, and BANK OF ) <br> OKLAHOMA, N.A., as escrow agent, ) <br>   ) <br> Defendants. ) | Case No. 06-CV-394-GKF-SAJ |

**OPINION AND ORDER**

Before the court is the plaintiffs' Motion for Leave to File Supplemental Reply Brief in Support of the Motion to Vacate or Amend Order Dismissing Complaint for Lack of Standing. [Docket No. 57].

Plaintiffs wish to supplement their motion to vacate or amend with evidence (and argument relating thereto) that came into existence some two and one-half (2 ½) months after the court's order of dismissal filed November 29, 2006. Specifically, by letter dated February 12, 2007, the defendant Drew Edmondson, as Attorney General of the State of Oklahoma ("AG") sent a letter addressed to defendant Seneca Cayuga Tobacco Company ("SCTC") directing SCTC[1] to place $1,846,882.26 into escrow for 2006 tobacco sales. Plaintiffs contend that the letter, together with a proposed accompanying brief, should be considered by this court with respect to their motion to vacate or

---

[1] As noted in the order of dismissal, SCTC ceased to exist eight months earlier, on June 10, 2006.

amend the order of dismissal.

The dispositive issue addressed in the order of dismissal was whether plaintiffs had standing to sue. Standing is determined as of the time the action is brought. *Nova Health Systems v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005). Plaintiffs filed their Complaint on July 31, 2006. The court therefore framed the issue as "whether, as of July 31, 2006, plaintiffs faced a concrete and actual or imminent injury in fact that was caused by the defendants and that is redressable by a favorable judicial order."

Plaintiffs' proposed supplemental reply brief, which focuses upon the AG's letter of February 12, 2007, may not be considered in this court's analysis of plaintiffs' Motion to Vacate or Amend Order Dismissing Complaint for Lack of Standing, which itself must turn on whether plaintiffs had standing to sue on July 31, 2006. Plaintiffs' motion for leave to file supplemental reply brief must therefore be denied.

WHEREFORE, the plaintiffs' Motion for Leave to File Supplemental Reply Brief in Support of the Motion to Vacate or Amend Order Dismissing Complaint for Lack of Standing [Docket No. 57] is denied.

IT IS SO ORDERED this 5th day of September 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma