**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SENECA-CAYUGA TRIBE OF OKLAHOMA ) <br> and SENECA-CAYUGA TRIBAL TOBACCO ) <br> CORPORATION, a tribal corporation, ) <br> f/d/b/a SENECA-CAYUGA TOBACCO ) <br> COMPANY, an unincorporated enterprise of ) <br> the Seneca-Cayuga Tribe of Oklahoma, ) <br>   ) <br>       Plaintiffs, ) <br>   ) <br> vs. ) <br>   ) <br> DREW EDMONDSON, as Attorney General ) <br> of the State of Oklahoma, and BANK OF ) <br> OKLAHOMA, N.A., as escrow agent, ) <br>   ) <br>       Defendants. ) | Case No. 06-CV-394-GKF-SAJ |

**OPINION AND ORDER**

Before the court is the Motion to Vacate or Amend Order Dismissing Complaint for Lack of Standing [Dkt. #50] of plaintiff Seneca-Cayuga Tribe of Oklahoma (the "Tribe"), plaintiff Seneca-Cayuga Tribal Tobacco Corporation ("SCTTC"), and the Seneca-Cayuga Tobacco Company ("SCTC"). Plaintiffs move to vacate or amend the court's Opinion and Order [Dkt. #49] (the "Order") of November 29, 2006, pursuant to Fed. R. Civ. P. 59(e) and 60(b).

SCTC, formerly an unincorporated tribal enterprise, ceased to exist in June of 2006 when the Tribe incorporated SCTTC under tribal law and transferred SCTC's assets and liabilities to the new corporation. SCTC is not and never has been a party to this lawsuit. Therefore, SCTC is not properly a movant on the motion to vacate or amend.

Whether a motion is construed as a Rule 59(e) or Rule 60(b) motion depends upon the time in which the motion is filed. *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). "If a motion is served within ten days of the rendition of judgment, the motion ordinarily

will fall under Rule 59(e). If the motion is served after that time it falls under Rule 60(b)." *Id.* (*quoting Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). The instant motion was filed on December 12, 2006, nine (9) business days after the judgment. The court will consider plaintiffs' motion as one brought under Rule 59(e).

Plaintiffs set forth two propositions in their Motion to Vacate or Amend: (1) events occurring after submission of the Motion to Dismiss demonstrate imminent harm to SCTTC and thus establish standing; and (2) the Order did not address plaintiffs' standing to seek recovery of monies placed in escrow pursuant to Oklahoma's Escrow Statutes, OKLA. STAT. tit. 37, §§ 600.21-600.23.

Standing is determined as of the time the action is brought. *Nova Health Systems v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005). Events occurring after submission of the Motion to Dismiss are irrelevant to the issue of standing.

In the First Amended Complaint, plaintiffs seek "disgorgement and release to Plaintiffs from the Escrow Account at the Bank of Oklahoma [of] the full amount of the deposits made by Plaintiffs for sales of tobacco products in Oklahoma." [Dkt. #29, p.11]. The Tribe alleges it has made more than $4.5 million in escrow payments, under protest, into the escrow account for Oklahoma tobacco sales. [Dkt. #29, ¶ 33, p. 8]. Contrary to the State's argument raised in the response to the Motion to Vacate or Amend, the issue of plaintiffs' standing to seek disgorgement *was* raised in briefing on the Motion to Dismiss. *See* Plaintiffs' Supplemental Response in Opposition to Defendant's Motion to Dismiss. [Dkt. #36-1, pp. 6, 12]. The court concludes that the Order does not address the Tribe's standing as to the claim for disgorgement of escrow funds under the theory of sovereign immunity, that the Tribe has standing to seek disgorgement of funds allegedly paid into the escrow account, and that the previous order must be amended to that extent.

Plaintiff SCTTC is a tribal corporation incorporated on June 10, 2006.  As stated in the Order, SCTTC has a legal existence separate and distinct from the Tribe.  [Dkt. #49, p. 11] (*citing* 2 FLETCHER CYC. CORPORATIONS § 25).  SCTTC does not have standing to seek disgorgement of escrow payments allegedly made by the Tribe.

**WHEREFORE**, Plaintiffs' Motion to Vacate or Amend Order Dismissing Complaint for Lack of Standing [Dkt. #50] is granted in part and denied in part.  The Motion is granted as to plaintiff Seneca-Cayuga Tribe of Oklahoma's standing on its claim for disgorgement of escrow funds under the theory of sovereign immunity.  The Clerk is hereby directed to reopen the case as to the claim of plaintiff Seneca-Cayuga Tribe of Oklahoma.  The Motion to Vacate or Amend is otherwise denied.

**IT IS SO ORDERED** this 6th day of September 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma